UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN R. AMARO, | 1:11-cv-234-OWW-SKO-HC |
| Petitioner, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOCUMENT #1) |
| HECTOR A. RIOS, JR., | |
| Respondent. | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S REQUEST FOR COUNSEL TO REPRESENT HIM BEFORE THE UNITED STATES PAROLE COMMISSION (DOCUMENT #1) |

I. Motion for the Appointment of Counsel in this Proceeding

Petitioner has requested the appointment of counsel. (Pet. 2.)

Insofar as Petitioner requests counsel to represent him in the present proceeding, there currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, Petitioner's request for the appointment of counsel to represent him in this proceeding is DENIED.

II. <u>Motion for the Appointment of Counsel in Parole Commission Proceeding</u>

Petitioner also requests this Court to appoint counsel to represent him at a "special reconsideration hearing" to be conducted by an examiner of the United States Parole Commission on March 7, 2011, at his prison. (Pet. 2.)

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." <u>Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting <u>Apple Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984); see also <u>Hartikka v. United States</u>, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. " Under either formulation of the test, the moving party must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of irreparability, the Court need not reach the issue of likelihood of success on the merits. <u>Id.</u> Speculative injury does not constitute irreparable harm. <u>Goldies' Bookstore, Inc. v. Superior Court of the State of California</u>, 739 F.2d 466, 472 (9th Cir. 1984). Further, a party may not seek injunctive relief against individuals who are not named as defendants to this action. The Court is unable to issue an order against individuals who are not parties to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).

In requesting this Court to order the appointment of counsel at the upcoming hearing before a representative of the United States Parole Commission, Petitioner is in effect seeking this Court to enter an order for injunctive relief against persons who are not parties to the instant proceeding.

Accordingly, it is RECOMMENDED that Petitioner's request for injunctive relief in the form of a direction to the United States Parole Commission to appoint counsel for

1  Petitioner be DENIED.
2         These findings and recommendations are submitted to the United States District Court
3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
4  304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.  Within thirty (30) days after being served with a copy, any party may file written
6  objections with the Court and serve a copy on all parties.  Such a document should be
7  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the
8  objections shall be served and filed within fourteen (14) days (plus three (3) days if served by
9  mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling
10 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
12 Ylst, 951 F.2d 1153 (9th Cir. 1991).
13
14 IT IS SO ORDERED.
15 **Dated:    February 17, 2011**                /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE