UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN "R" AMARO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>HECTOR A. RIOS, JR., Warden,<br><br>　　　　Respondent. | 1:11-cv—00234-SKO-HC<br><br>ORDER DISMISSING THE PETITION WITH LEAVE TO FILE AN AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER<br><br>**DUE DATE FOR FILING THE FIRST AMENDED PETITION:<br>THIRTY (30) DAYS**<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

　　　Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition, which was filed on February 11, 2011.

　　　I.　Screening the Petition

　　　The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule

1

1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner, an inmate of the United States Penitentiary at Atwater, California, challenges a request made by the United States Parole Commission to the Bureau of Prisons (BOP).  Petitioner alleges that the commission requested the BOP to change his projected release date from April 10, 2011, to

2

1  April 10, 2101; however, Petitioner also admits that his BOP
2  program review of February 3, 2011, still reflects a projected
3  release date of April 10, 2011.  (Pet. 1-2.)  Further, Petitioner
4  admits that he has not presented his claim to prison officials in
5  an administrative appeal.  Finally, the Court notes that
6  Petitioner has not used a form petition for his claims, so some
7  of his allegations are in the form of single-word answers placed
8  after the number of a question but without the question being
9  stated.  Thus, some of Petitioner's allegations are
10 unintelligible.

11       I.   <u>Failure to State a Cognizable Claim</u>

12       Relief by way of a writ of habeas corpus extends to a
13 prisoner in custody under the authority of the United States who
14 shows that the custody violates the Constitution, laws, or
15 treaties of the United States.  28 U.S.C. § 2241(c)(3).  Although
16 a federal prisoner who challenges the validity or
17 constitutionality of his conviction must file a petition for writ
18 of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner
19 challenging the manner, location, or conditions of the execution
20 of a sentence must bring a petition for writ of habeas corpus
21 under 28 U.S.C. § 2241.  <u>Hernandez v. Campbell</u>, 204 F.3d 861,
22 864-65 (9th Cir. 2000).

23       Because Petitioner alleges that his release date has not
24 changed, it is not clear that any action of the Parole Commission
25 has actually affected the execution of his sentence.

26       Accordingly, it is unclear whether Petitioner has stated a
27 claim that would entitle him to habeas corpus relief.

28       A petition for habeas corpus should not be dismissed without

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, it is possible that Petitioner could state facts showing that the manner, location, or conditions of the execution of Petitioner's sentence have been affected. Accordingly, Petitioner will be given an opportunity to state specific facts in an amended petition.

II. Exhaustion of Administrative Remedies

As a "prudential matter," federal prisoners are generally required to exhaust available administrative remedies before bringing a habeas petition pursuant to 28 U.S.C. § 2241. Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). The exhaustion requirement applicable to petitions brought pursuant to § 2241 is judicially created and is not a statutory requirement. Thus, a failure to exhaust does not deprive a court of jurisdiction over the controversy. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). If a petitioner has not properly exhausted his or her claims, a district court in its discretion may either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court. Brown v. Rison, 895 F.2d 533, 535. Exhaustion may be excused if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or would cause irreparable injury. Fraley v. United

States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993); United Farm Workers of America v. Arizona Agr. Emp. Rel. Bd., 669 F.2d 1249, 1253 (9th Cir. 1982).  Factors weighing in favor of requiring exhaustion include whether 1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; 2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and 3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 880-81 (9th Cir. 2003) (citing Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)).

Here, Petitioner admits that he has not even attempted to exhaust administrative remedies with respect to his claim. Petitioner will be given an opportunity to file an amended petition to allege facts concerning exhaustion of his administrative remedies.

III.   First Amended Petition

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of administrative remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

### IV. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

**Dated:   February 23, 2011**                    **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE